COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker,[*] Judge Malveaux and Senior Judge Haley
Argued at Fredericksburg, Virginia

DONALD MATTHEW KELLEY

OPINION BY
v.      Record No. 1063-17-4      CHIEF JUDGE MARLA GRAFF DECKER
JANUARY 8, 2019
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Stephen E. Sincavage, Judge

Buta Biberaj (Biberaj Snow & Sinclair, PC, on brief), for appellant.[1]

Craig W. Stallard, Assistant Attorney General (Mark R. Herring,
Attorney General; Elizabeth Kiernan Fitzgerald, Assistant Attorney
General, on brief), for appellee.


Donald Matthew Kelley appeals his conviction for assault and battery in violation of

Code § 18.2-57. He argues that the trial court erred by finding that a touching occurred, that he

had the required intent, and that he acted without a legal excuse or justification. We hold that the

evidence, viewed under the proper standard, supports the court's determination that the appellant

committed the offense of assault and battery. Further, the trial court did not err by rejecting the

appellant's argument that he had a legal excuse or justification for his actions. Consequently, we

affirm the conviction.

---

[*] On January 1, 2019, Judge Decker succeeded Judge Huff as chief judge.

[1] Although the appellant filed a reply brief, it was not timely filed as required by Rule
5A:19(c)(3).

## I. BACKGROUND[2]

The appellant's conviction is based on his behavior on April 3, 2016. At that time, the appellant and Jasmin Hester, the victim, were coworkers at a veterinary clinic. Hester worked as a member of the administrative staff, and the appellant was a facilities manager.

In a bench trial, Hester testified regarding the appellant's actions that day. The appellant arrived at work while Hester was sitting on the porch. According to Hester, after she said "[g]ood evening" to him, the appellant approached her, leaned forward, and grabbed her chin with his hand. Hester leaned away, telling him "no, no, no." She explained that she leaned away and said "no" even before the appellant touched her because she "could sense what was about to occur." Nevertheless, using his hand, the appellant turned Hester's face toward him and attempted to kiss her. She pulled away until they "broke contact." The appellant then walked away and said, "I'm told that it tickles," referencing his mustache. He also thanked her for "helping" at the clinic during the previous few weeks.

Later, the appellant asked Hester if she was "okay." Although she responded affirmatively at the time, she testified that her response to him was inaccurate. Hester described the incident as "scary" and "shocking." She said that the contact caused her to be offended, terrified, angry, and upset.

After the appellant left, Hester called the Loudoun County Sheriff's Office. Later that day, she met with Deputy Taylor Bauer and provided a statement about the incident. The next day, Hester filed a criminal complaint with a magistrate, who issued a summons against the appellant for assault and battery.

---

[2] On appeal of the sufficiency of the evidence, this Court views the evidence in the light most favorable to the Commonwealth. Hamilton v. Commonwealth, 279 Va. 94, 97 n.1 (2010).

At trial, during cross-examination, Hester admitted that the day before the incident she had expressed dissatisfaction with her job at the clinic. She also testified that her civil lawyer had requested $175,000 on her behalf as a result of the appellant's behavior. Additionally, it came to light that Hester had messaged two friends, either through text message or social media, that the appellant "tried to kiss" her and "[t]ried to grab" her face.

During Deputy Bauer's initial investigation on the day of the offense, the appellant told him that although he had approached Hester and "leaned down to give her a kiss on the cheek," she stood up. The appellant explained to the deputy that at that time "he extended his hand out for a handshake, and she walked away."

Officer Jennifer Henry, with Loudoun County Animal Services, testified at trial that the appellant previously had stated under oath in general district court that he "approached [Hester] with the intention of kissing her." The appellant also had acknowledged that he thought Hester was uncomfortable. Henry stated that according to the appellant, he then told Hester that they would "save the kiss for later."

The trial court found the appellant guilty of misdemeanor assault and battery in violation of Code § 18.2-57. The court expressly found Hester's testimony to be "credible," and it concluded that a touching occurred. The court recognized the evidence that Hester had communicated with friends electronically that the appellant had "tried" to grab her face. However, the court reconciled her assertions, finding that the appellant tried to touch her and then did so. Noting that "[t]he slightest touching of another if done in a rude, insolent, or angry manner constitutes a battery," the court found that the appellant grabbed Hester's chin "during and after" she repeatedly said "no" and physically withdrew from him. It concluded that "touching someone by grabbing their face when attempting a clearly unwanted kiss is an action that is done in a rude manner." Subsequent to the finding of guilt, the appellant was fined $100.

## II. ANALYSIS

The appellant challenges the sufficiency of the evidence to support his conviction. He argues that the evidence did not prove that he touched Hester or that, if he did so, he intended to do so in a rude manner. The appellant alternatively suggests that he should not be criminally culpable because the evidence established that he had a legal justification or excuse for touching Hester.

When considering a challenge to the sufficiency of the evidence, this Court reviews the evidence in the light most favorable to the Commonwealth, "as the prevailing party in the trial court." Hamilton v. Commonwealth, 279 Va. 94, 103 (2010). "In doing so, the Court '"discard[s] all evidence of the accused that conflicts with that of the Commonwealth and regard[s] as true all credible evidence favorable to the Commonwealth and all fair inferences reasonably deducible"' from that evidence." Parham v. Commonwealth, 64 Va. App. 560, 565 (2015) (alterations in original) (quoting Henry v. Commonwealth, 63 Va. App. 30, 37 (2014)).

The central question on appellate review of a sufficiency challenge "is 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Maxwell v. Commonwealth, 275 Va. 437, 442 (2008) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). The appellant was tried by the circuit court, sitting without a jury. Consequently, that court was the fact finder, and its judgment is afforded the same weight as a jury verdict. Commonwealth v. Perkins, 295 Va. 323, 327 (2018). "[W]e must uphold the conviction unless it is plainly wrong or without evidence to support it." Hamilton, 279 Va. at 103. "If there is evidence to support the conviction[], the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at

- 4 -

the trial." Synan v. Commonwealth, 67 Va. App. 173, 185 (2017) (quoting Courtney v. Commonwealth, 281 Va. 363, 366 (2011)).

We apply these well-established legal principles when considering whether the evidence was sufficient to support the trial court's conclusion that the appellant was guilty of assault and battery. The appellant's challenge consists of three parts. He argues that the trial court erred "by finding that 'a touching' occurred." He also suggests that the court erred by concluding that the Commonwealth proved the element of intent. Finally, the appellant contends that if a touching occurred, a legal excuse or justification rendered the act lawful.

A. Touching

The appellant argues that the trial court erred by finding that a touching occurred. He suggests that the victim's testimony that he touched her was not credible because she initially asserted merely that he "tried" to touch her and she had a "pending demand" for remuneration from the clinic, giving her a motivation to lie about what had occurred.

"Assault and battery are common law crimes." Montague v. Commonwealth, 278 Va. 532, 541 (2009); see also Code § 18.2-57. Placing an individual in reasonable apprehension of bodily harm constitutes an assault. Parish v. Commonwealth, 56 Va. App. 324, 330-31 (2010); see also Clark v. Commonwealth, 279 Va. 636, 641 (2010) (defining the common law offense of assault as also including an "overt act intended to inflict bodily harm" when the assailant "has the present ability to inflict such harm" (quoting Carter v. Commonwealth, 269 Va. 44, 47 (2005))). "To sustain a conviction for battery, the Commonwealth must prove a 'wil[l]ful or unlawful touching' of another." Parish, 56 Va. App. at 330 (alteration in original) (quoting Wood v. Commonwealth, 149 Va. 401, 404 (1927)).

The touching necessary for a battery, however, need not include a physical injury. Id. ("It is sufficient if it does injury to the [victim's] mind or feelings.'" (alteration in original)

- 5 -

(quoting Wood, 149 Va. at 405)).  See generally Marquardt v. State, 882 A.2d 900, 920 (Md. 2005) (noting that battery includes kissing another person without consent).

Here, the trial court specifically found the victim's testimony at trial to be credible.  This is significant for purposes of appellate review.  "The fact finder, who has the opportunity to see and hear the witnesses, has the sole responsibility to determine their credibility" as well as "the weight to be given their testimony."  Hamilton, 279 Va. at 105 (quoting Commonwealth v. Taylor, 256 Va. 514, 518 (1998)).  Further, the finder of fact, "who determines the credibility of the witnesses and the weight accorded their testimony, may accept or reject the testimony in whole or in part."  Perkins v. Commonwealth, 31 Va. App. 326, 331 (2000).

In light of the trial court's credibility determination, we "may only . . . disturb[]" its conclusion "on appeal if this Court finds that [the witness'] testimony was 'inherently incredible, or so contrary to human experience as to render it unworthy of belief.'"  Johnson v. Commonwealth, 58 Va. App. 303, 315 (2011) (third alteration in original) (quoting Robertson v. Commonwealth, 12 Va. App. 854, 858 (1991)).  "To be 'incredible,' testimony 'must be either so manifestly false that reasonable men ought not to believe it, or it must be shown to be false by objects or things as to the existence and meaning of which reasonable men should not differ.'"  Juniper v. Commonwealth, 271 Va. 362, 415 (2006) (quoting Cardwell v. Commonwealth, 209 Va. 412, 414 (1968)).  A legal determination that a witness is inherently incredible is very different from the mere identification of inconsistencies in a witness' testimony or statements.  Testimony may be contradictory or contain inconsistencies without rising to the level of being inherently incredible as a matter of law.  See id.  Consequently, as Virginia law dictates, "[p]otential inconsistencies in testimony are resolved by the fact finder," not the appellate court.  Towler v. Commonwealth, 59 Va. App. 284, 292 (2011).  "[T]here can be no relief" in this Court if a witness testifies to facts "which, if true, are sufficient" to support the conviction "[i]f the trier

of the facts" bases its decision "upon that testimony." Smith v. Commonwealth, 56 Va. App. 711, 718-19 (2010) (quoting Swanson v. Commonwealth, 8 Va. App. 376, 379 (1989)).

Here, Hester testified that the appellant "grabbed [her] face and turned it towards him as [she] was saying no, no, no and leaning back away from him [while he] attempted to kiss [her]." The trial court expressly considered Hester's representation through social media, which included that the appellant had "tried to grab" her, and reconciled it with Hester's testimony at trial. Viewing all of the evidence in context, the court found that the appellant both tried to and did in fact touch Hester as he attempted to kiss her. Similarly, the court had the opportunity to consider any ulterior motive on Hester's part. See Johnson, 58 Va. App. at 315 (affirming the finder of fact's credibility determination despite evidence of the witness' bias). Based on the evidence before it, the court concluded that a touching occurred. Hester's testimony was neither "inherently incredible" nor "so contrary to human experience as to render it unworthy of belief." See id. (quoting Robertson, 12 Va. App. at 858). Consequently, the record provides no basis to disturb the trier of fact's assessment and ultimate conclusion, which are neither plainly wrong nor without evidence to support them.

The competing evidence was before the trial court, which had the opportunity to listen to the testimony, observe the witnesses, consider the arguments of counsel, and determine what happened. See Lockhart v. Commonwealth, 34 Va. App. 329, 343 (2001). In light of the circumstances, the court was entitled to accept Hester's testimony and to reject the appellant's defense that he did not touch her. See Ervin v. Commonwealth, 57 Va. App. 495, 519-21 (2011) (holding that a fact finder may properly reject a defendant's hypothesis of innocence).

Accordingly, the trial court, as the finder of fact, was entitled to conclude that the appellant touched Hester.

## B. Intent

The appellant argues that the trial "court erred by finding that the touching was done in an angry, rude, insulting, or vengeful manner." He further contends that the court "erred by ruling that 'touching someone by grabbing their face when attempting a clearly unwanted kiss is an action that is done in a rude manner.'"[3] Lastly, the appellant suggests that the trial court erred in its interpretation of Adams v. Commonwealth, 33 Va. App. 463 (2000), as it relates to imputed intent when the touching is done in a rude manner.

The law is clear that "[t]he slightest touching of another . . . if done in a rude, insolent, or angry manner, constitutes a battery for which the law affords redress."[4] Adams, 33 Va. App. at 469 (second alteration in original) (quoting Crosswhite v. Barnes, 139 Va. 471, 477 (1924)). In such circumstances, "[t]he unlawful intent may be imputed." Parish, 56 Va. App. at 331.

"Proving intent by direct evidence often is impossible." Adams, 33 Va. App. at 470. Therefore, intent, "[l]ike any other element of a crime, . . . may be proved by circumstantial evidence." Id. at 471. An offender's "intent may be inferred from the nature of the overt act and the surrounding circumstances." Parish, 56 Va. App. at 331 (quoting Clark, 279 Va. at 642). Whether an act is done in a "rude, insolent, or angry manner" is a finding of fact that this Court will not disturb on appeal unless the finding is plainly wrong or no evidence supports it. See id. at 329, 332.

---

[3] In his argument relating to proof of intent, the appellant suggests that the trial court's application of "the civil standard of 'rude, insolent or angry touching' violates [his] constitutional right to due process." However, his assignments of error do not allege that the trial court violated his due process rights. This Court is limited to reviewing the assignments of error presented by the litigant. See Rule 5A:12(c)(1)(i); Whitt v. Commonwealth, 61 Va. App. 637, 646-47 (2013) (*en banc*). Consequently, we do not consider the issue of due process.

[4] "Rude," in pertinent part, means "offensive in manner or action," "marked by a lack of gentleness or by the use of force," or "sudden and disconcerting or unpleasant." Rude, Webster's Third New International Dictionary (2002).

It is firmly established that "[c]ircumstantial evidence is competent and is entitled to as much weight as direct evidence provided that the circumstantial evidence is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Pijor v. Commonwealth, 294 Va. 502, 512 (2017) (quoting Dowden v. Commonwealth, 260 Va. 459, 468 (2000)). The "reasonable hypothesis of innocence" concept is also well defined. The Commonwealth need exclude only reasonable hypotheses of innocence that "flow from the evidence itself, and not from the imagination" of the defendant. Id. (quoting Turner v. Commonwealth, 218 Va. 141, 148 (1977)). Moreover, whether a defendant's hypothesis is reasonable is a question of fact. See Edwards v. Commonwealth, 68 Va. App. 284, 303 (2017).

Here, the trial court expressly found "beyond a reasonable doubt that [the appellant] was trying to kiss Ms. Hester . . . when he grabbed her face." The appellant previously admitted that he realized at the time of the incident that Hester was "uncomfortable." She signaled her lack of consent by trying to pull away and saying "no, no, no." Nonetheless, he advanced and grabbed her face in an effort to kiss her. After she pulled away, he told the victim "[w]e'll save the kiss for later" while indicating that his mustache tickled. Under these facts, it was entirely reasonable for the court to conclude that the appellant intended to act in a rude manner and did so when he grabbed the victim's face and attempted to force a kiss on her. See Parish, 56 Va. App. at 330-31. See generally Ball v. State, 945 N.E.2d 252, 258 (Ind. Ct. App. 2011) (holding that the evidence that the defendant kissed the victim when she did "not desire his kisses" proved that he touched her in a rude, insolent, or angry manner); State v. Smiley, 38 S.W.3d 521, 525 (Tenn. 2001) (noting that an unconsented-to kiss amounted to "extremely offensive or provocative" physical contact). The trial court, sitting as the fact finder, was entitled to reject the appellant's theory that he intended the kiss as a thank you and stopped as soon as he realized that Hester did not consent to the touching accomplished when he grabbed her face. See Adams, 33 Va. App. at

471 (holding that the trial court "was entitled to reject appellant's testimony that he was 'just goofing off'" rather than intending to hit the victim with the laser beam).

In addition, the appellant argues that the trial court "erred by finding [him] guilty beyond a reasonable doubt when it interpreted Adams . . . , 33 Va. App. 468[,] to stand for the premise that 'the slightest touching of another if done in a rude, insolent, or angry manner constitutes a battery for which the law affords redress." The trial court did not err in applying Adams, which articulates the law as it exists in the Commonwealth. See Gilbert v. Commonwealth, 45 Va. App. 67, 71 (2005) ("[T]he slightest touching of another . . . if done in a rude, insolent or angry manner, constitutes a battery for which the law affords redress." (alterations in original) (quoting Crosswhite, 139 Va. at 477)).

The appellant speculates that under the current legal standard, "the next prosecution for battery [might] be based upon the hug or kiss of a stranger on New Year's Eve, or hugging a stranger at a viewing, or kissing a baby that is the relative of a distant relative." Contrary to the appellant's suggestions, "we need not, and should not, offer advisory opinions on such hypotheticals." See Levick v. MacDougall, 294 Va. 283, 299 (2017). Here, the appellant grabbed the victim's face against her will while she was trying to pull away from him as she repeatedly told him "no." We address the criminality of only the appellant's conduct under the particular facts of this case.

The trial court did not err in concluding that the appellant's actions "constitute[d] a battery for which the law afford[ed] redress." See Adams, 33 Va. App. at 469 (quoting Crosswhite, 139 Va. at 477).

### C. Justification or Excuse

The appellant also argues that the trial court erred in finding that he had no legal justification or excuse for intentionally touching the victim. He suggests that there was "implied

consent" to the touching because the appellant and victim were coworkers. According to the appellant, his "legal justification" for his action was that he did it "in [an] effort to express his gratitude."

It is true that a touching is not "unlawful" if it "is justified or excused." Perkins, 31 Va. App. at 330. A "justification" is "'[a] lawful or sufficient reason for one's acts or omissions.'" Clanton v. Commonwealth, 53 Va. App. 561, 568 n.4 (2009) (*en banc*) (alteration in original) (quoting Taylor v. Commonwealth, 260 Va. 683, 690 (2000)). Similarly, a touching is not a battery if the victim "consents" to the touching. Perkins, 31 Va. App. at 330.

However, despite these principles, the appellant has provided no legal basis upon which his holding of the victim's face against her will, while trying to kiss her, was justified or excused. After considering the evidence, the trial court rejected both of these theories. The court found that the victim expressly rebuffed the appellant's action of grabbing her chin by trying to pull away while saying "no, no, no," but that he continued to touch her and advance. It specifically credited the victim's testimony that she did not consent to the touching and communicated the lack of permission to the appellant by pulling away from him and saying no before he touched her. In addition, the court rejected the appellant's theory that he touched Hester in a congenial manner in order to convey his gratitude.

For these reasons, the appellant's argument that the trial court erred by concluding that he acted without a legal justification or excuse is without merit.

### III. CONCLUSION

The evidence, viewed in the light most favorable to the Commonwealth, supports the trial court's conclusions that the appellant touched Hester and that he did so with the requisite intent. The court's findings were not plainly wrong or without evidence to support them. Additionally,

the trial court did not err in rejecting the appellant's theory that he acted with legal justification or excuse.  Therefore, we affirm the conviction for assault and battery.

<u>Affirmed.</u>