UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Athey, Chaney and Raphael

MAURICE LATREL BRYANT

v.     Record No. 0763-22-4

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
PER CURIAM
NOVEMBER 9, 2022

FROM THE CIRCUIT COURT OF STAFFORD COUNTY
J. Bruce Strickland, Judge

(Colleen Barlow; Eugene H. Frost, PLLC, on brief), for appellant.
Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Robin M. Nagel, Assistant
Attorney General; on brief), for appellee.  Appellee submitting on
brief.


Following a jury trial, the Circuit Court of Stafford County ("trial court") convicted Maurice

Bryant ("Bryant") of driving under the influence of marijuana, in violation of Code § 18.2-266.

Bryant contends that the evidence in support of his conviction was insufficient.  For the following

reasons, we affirm the trial court.

## I. BACKGROUND

Stafford County Sheriff's Deputy Casey Richardson ("Deputy Richardson") was on patrol at

one o'clock in the morning on January 23, 2020.  Deputy Richardson observed a vehicle being

driven in an easterly direction on Garrisonville Road in Stafford County.  The driver of that vehicle,

later identified as Bryant, veered from the "slow" right lane into the middle lane then back across

the right lane onto the right shoulder of the road before returning to the right lane.  Deputy

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Richardson saw Bryant swerve several times within about two tenths of a mile before initiating a traffic stop. As Deputy Richardson approached the driver's side of the stopped vehicle, he noticed an odor of marijuana emanating from the vehicle. After Deputy Richardson asked him about the "erratic driving," Bryant explained that he was attempting to operate the GPS on his phone because he was not from the area. When asked to exit the vehicle so that it could be searched for marijuana, Bryant complied but was "very lethargic," and his speech and movements were slow. Deputy Richardson subsequently found a "green leafy substance" he believed to be marijuana in the center console of the car.

Next, Deputy Richardson conducted field sobriety tests on Bryant beginning with the horizontal gaze nystagmus test. At trial, Deputy Richardson testified that he conducted this first test by asking Bryant to keep his head straight while following a writing pen only with his eyes. The deputy explained that he was looking for three clues of intoxication in each eye, or "six total clues," including "a lack of smooth pursuit," a distinct, sustained "nystagmus maximum deviation," and the "onset of nystagmus prior to 45 degrees." He testified that Bryant exhibited a lack of smooth pursuit in both eyes and a sustained nystagmus at the maximum deviation in the right eye.

Deputy Richardson then asked Bryant to perform a second field sobriety "walk and turn" test. Bryant was asked to assume a "starting position" of standing on an imaginary line with his left foot down and his right foot in front of it, heel to toe, with his hands down by their side. The deputy then asked Bryant to take nine, heel-to-toe steps in a straight line, then to turn and take nine, heel-to-toe steps back along the same line which Bryant did. During this second field sobriety test, Deputy Richardson observed clues indicating that Bryant was intoxicated when he "took two steps, not on a straight line, and then had an improper turn." The next test Bryant performed was the "one-leg stand," in which Bryant stood with his feet together and then lifted one foot approximately six inches off the ground, while counting "out loud, one-one-thousand, two-one-thousand, and so

on," until being asked to stop. Deputy Richardson observed additional clues of intoxication when Bryant "put his foot down and used his left arm for balance." Based upon both his observations leading up to the stop as well as the results of the field sobriety tests, Deputy Richardson placed Bryant in custody.

During the trip to the sheriff's office, Deputy Richardson observed that Bryant kept falling in and out of sleep in the back seat of the patrol vehicle. Upon arrival at the police station, Deputy Richardson applied for a search warrant to obtain Bryant's blood for analysis for illegal substances. Upon receipt of the search warrant, Bryant was transported to a hospital where a registered nurse drew Bryant's blood and placed the blood sample in a kit provided by the Department of Forensic Science that was then sent to the lab for analysis.

At trial, forensic toxicologist Jon Dalgleish ("Toxicologist Dalgleish") testified that he analyzed the vials of blood received by the lab and issued a certificate of analysis memorializing his findings. The drug screen detected the presence of at least .0051 milligram of THC per liter of Bryant's blood. Based upon the concentration present in Bryant's blood, Toxicologist Dalgleish opined that that level of marijuana indicated use "within the last zero to six hours of the blood draw," but he could not opine as to "the degree of effects" that amount would have on someone. Toxicologist Dalgleish testified that depending on one's marijuana use, history, and tolerance, one could be intoxicated with this level of marijuana in one's blood or may experience "very little outward effects." He further testified that "lethargy or a slower appearance is consistent with many individuals under the influence of marijuana," and stated that marijuana would make it more likely that one might fall asleep. Toxicologist Dalgleish also opined that marijuana, as a "perception altering drug," affects both short-term memory and "spatial awareness," and might influence the ability to judge "whether you are within a lane of traffic." He further explained that marijuana "affects fine motor skills" and can lead to "adverse effects, which make it difficult to operate [a

vehicle] safely." On cross -examination, he conceded that marijuana "does not cause Horizontal Gaze Nystagmus."

Following closing arguments, the jury found Bryant guilty of driving while under the influence of marijuana in violation of Code § 18.2-266. The trial court sentenced Bryant to thirty days in jail, with all of the time suspended. Bryant appealed the conviction.

## II. ANALYSIS

### A. *Standard of Review*

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)).

### B. *Sufficiency of the Evidence*

Bryant argues that the evidence was not sufficient to support his conviction for driving under the influence of marijuana. We disagree.

Code § 18.2-266 provides that "[i]t shall be unlawful for any person to drive or operate any motor vehicle . . . while such person is under the influence of any narcotic drug or any other self-administered intoxicant or drug of whatsoever nature . . . to a degree which impairs his ability to drive or operate any motor vehicle . . . safely." Code § 18.2-266(iii).

"Elements of a crime may be proved by direct or circumstantial evidence." *Lambert v. Commonwealth*, 70 Va. App. 54, 65 (2019), *aff'd*, 298 Va. 510 (2020). In fact, "[i]t is firmly established that '[c]ircumstantial evidence is competent and is entitled to as much weight as direct evidence provided that the circumstantial evidence is sufficiently convincing to exclude every reasonable hypothesis except that of guilt.'" *Kelley v. Commonwealth*, 69 Va. App. 617, 629 (2019) (quoting *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017)). Circumstantially, a driver's degree of

intoxication may be established by evidence that shows he consumed enough alcohol or other intoxicant affecting "his manner, disposition, speech, muscular movement, general appearance or behavior" to such an extent that his intoxication is apparent from observation. *Thurston v. City of Lynchburg*, 15 Va. App. 475, 483 (1992) (quoting *Gardner v. Commonwealth*, 195 Va. 945, 954 (1954)). Thus, any fact finder in a case involving a violation of Code § 18.2-266(iii) shall "determine the innocence or guilt of the defendant from all the evidence concerning his condition at the time of the alleged offense." Code § 18.2-268.10.

The totality of the circumstances in the instant case supported the jury's conclusion that Bryant was operating his vehicle under the influence of marijuana. The evidence proved that Deputy Richardson observed Bryant swerving back and forth between lanes several times over a short distance at one o'clock in the morning. Upon approaching the vehicle, Deputy Richardson noticed an odor of marijuana emanating from the vehicle and thereafter discovered a green leafy substance having the appearance of marijuana in the center console of the car. As Bryant stepped out of the vehicle, he appeared lethargic, and his movements were slow. Bryant was speaking and moving very slowly. Bryant's performance on the field sobriety tests provided additional clues of intoxication. He also repeatedly fell asleep in the back of the patrol car on the way to the sheriff's office, the magistrate, and the hospital. A certificate of analysis confirmed that at least .0051 milligram of THC per liter of Bryant's blood was present near the time of his operation of the vehicle. In addition, Toxicologist Dalgleish, testifying as an expert, opined that such an amount would indicate recent ingestion of the drug. Toxicologist Dalgleish also testified that the amount of marijuana in Bryant's system could affect his short-term memory and his spatial awareness, negatively impacting Bryant's ability to safely maintain his lane of traffic and quite possibly causing him to fall asleep.

Here, the totality of the evidence presented in this case, with all reasonable inferences drawn therefrom, is sufficient to support the jury's verdict finding that Bryant was driving under the influence of marijuana in violation of the statute.

### III. CONCLUSION

For the foregoing reasons, we find that the evidence is sufficient to support the jury's finding that Bryant was driving under the influence of marijuana, and we affirm Bryant's conviction.

*Affirmed.*