COURT OF APPEALS OF VIRGINIA

Present: Judges O'Brien, Causey and Friedman
Argued at Norfolk, Virginia


MARKESE J. PRYOR

                                              MEMORANDUM OPINION* BY
v.        Record No. 1334-21-1                JUDGE FRANK K. FRIEDMAN
                                              JANUARY 31, 2023
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
William S. Moore, Jr., Judge

Nathan A. Chapman (Chapman Law Firm, PC, on brief), for
appellant.

Rebecca M. Garcia, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


The trial court convicted Markese J. Pryor of abduction and rape. Pryor challenges the

sufficiency of the evidence to sustain his convictions, contending that the complaining witness's

testimony was not credible. He also argues that the trial court abused its discretion by sentencing

him to twenty-five years of incarceration with twelve years suspended. Finding no error, we affirm

the trial court's judgment.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party at trial." *Poole v. Commonwealth*,

73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). In

doing so, we discard any of appellant's conflicting evidence, and regard as true all credible evidence

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Gerald*, 295 Va. at 473.

In January 2018, T.T. ended her long-term relationship with Pryor and moved out of their shared residence because "it was a very toxic and abusive relationship." T.T. moved into a house that her grandmother owned and forbade Pryor from visiting. Pryor routinely called T.T., often in the middle of the night, and arrived at the house uninvited numerous times. On the morning of June 3, 2018, T.T. awoke to find Pryor standing above her in her bedroom with "his fist balled up." "[F]rightened and scared," and worried about her sleeping children, T.T. persuaded Pryor to speak with her on the front porch. T.T. returned inside as her children were waking up. Pryor followed. Once inside, Pryor grabbed T.T., pulled her off the couch where she had been sitting, and carried her to her bedroom. As he carried her, she protested and told him to put her down; he did not respond.

Once inside the bedroom, Pryor locked the door. T.T. tried to leave the bedroom, but Pryor blocked the door. He then "wrestled" T.T. to the bed, at various times holding her wrists, ankles, and neck as she attempted to "fight him off." Pryor then forced himself upon T.T., ultimately tearing off her clothing and penetrating her vagina with his penis despite her repeated protests and attempts to stop him. His aggression caused T.T. to feel "like [her] life was in jeopardy." Pryor expressed "rage" during the intercourse and threatened T.T. each time she tried to stop him. Later that morning, Pryor left T.T.'s residence with their two children and T.T. immediately called her grandmother and reported the incident to the police. T.T. testified that she was in pain after the incident, and the trial court viewed pictures showing bruising, redness, and scratches on T.T.'s neck.

Portsmouth Police Detective Manning spoke with T.T. on June 3, 2018, and saw blood on T.T.'s mattress. Sexual Assault Nurse Examiner Zenobia Brewington, testifying as an expert in forensics and sexual assault, stated that she examined T.T. and noted that her neck was red and

bruised. Brewington also saw tears on T.T.'s vagina, indicating that "some kind of force" had been used to penetrate T.T.'s vagina.

Pryor claimed that the intercourse was consensual and argued that T.T.'s testimony was not credible. In denying Pryor's motion to strike, the trial court found that, while the expert testimony was "inconclusive," T.T. was credible and the evidence was "consistent with signs of a struggle." The trial court convicted Pryor of rape and abduction. Pryor appeals.

Sufficiency

Pryor argues that the evidence is insufficient "to support a conviction of rape or abduction because every reasonable hypothesis of innocence was not overcome." Specifically, he asserts that "he actually believed from [T.T.'s] conduct and surrounding circumstances that she consented and that his belief was reasonable."

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Smith v. Commonwealth*, 296 Va. 450, 460 (2018) (alteration in original) (quoting *Commonwealth v. Perkins*, 295 Va. 323, 327 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Secret v. Commonwealth*, 296 Va. 204, 228 (2018) (alteration in original) (quoting *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017)). "Rather, the relevant question is, upon review of the evidence in the light most favorable to the prosecution, whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Pijor*, 294 Va. at 512). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)).

Furthermore, "a conviction for rape and other sexual offenses may be sustained solely upon the uncorroborated testimony of the victim." *Wilson v. Commonwealth*, 46 Va. App. 73, 87 (2005). "As we have noted, '[b]ecause sexual offenses are typically clandestine in nature, seldom involving witnesses to the offense except the perpetrator and the victim, a requirement of corroboration would result in most sex offenses going unpunished.'" *Id.* at 88 (alteration in original) (quoting *Garland v. Commonwealth*, 8 Va. App. 189, 192 (1989)).

The "conclusions of the fact finder on issues of witness credibility 'may only be disturbed on appeal if this Court finds that [the witness'] testimony was inherently incredible, or so contrary to human experience as to render it unworthy of belief.'" *Johnson v. Commonwealth*, 58 Va. App. 303, 315 (2011) (alteration in original) (quoting *Robertson v. Commonwealth*, 12 Va. App. 854, 858 (1991)). "To be 'incredible,' testimony 'must be either so manifestly false that reasonable men ought not to believe it, or it must be shown to be false by objects or things as to the existence and meaning of which reasonable men should not differ.'" *Lambert v. Commonwealth*, 70 Va. App. 740, 759 (2019) (quoting *Juniper v. Commonwealth*, 271 Va. 362, 415 (2006)).

"A legal determination that a witness is inherently incredible is very different from the mere identification of inconsistencies in a witness' testimony or statements. Testimony may be contradictory or contain inconsistencies without rising to the level of being inherently incredible as a matter of law." *Kelley v. Commonwealth*, 69 Va. App. 617, 626 (2019). "The mere fact that a witness may have . . . given inconsistent statements during the investigation of a crime does not necessarily render the testimony unworthy of belief." *Juniper*, 271 Va. at 415. Rather, that "circumstance is appropriately weighed as part of the entire issue of witness credibility," *id.*, and is a matter to be "'resolved by the fact finder,' not the appellate court," *Kelley*, 69 Va. App. at 626 (quoting *Towler v. Commonwealth*, 59 Va. App. 284, 292 (2011)). "Where credibility issues

are resolved by the [fact finder] in favor of the Commonwealth, those findings will not be disturbed on appeal unless plainly wrong." *Smith v. Commonwealth*, 56 Va. App. 711, 718 (2010).

Here, the trial court accepted T.T.'s testimony despite the minor inconsistencies it contained. Although the trial court noted the "unusual" nature of the case based upon the long relationship between Pryor and T.T., the court found that their relationship "did not appear to be that positive." The trial court specifically held that T.T. was "a credible witness" and that the evidence was "consistent with signs of a struggle." The trial court also noted that T.T. reported the assault both to her grandmother and the police. Finally, the trial court rejected Pryor's version of the events. "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." *Speller v. Commonwealth*, 69 Va. App. 378, 388 (2018).

T.T. gave a detailed and largely consistent account of the events and explained that her behavior was based on her fear for the safety of herself and her children. Although the trial court found the expert testimony presented at trial to be "inconclusive," T.T.'s testimony was corroborated by the blood on her mattress, her ripped clothing, and the photographs of her injuries. The record supports the trial court's credibility determination. T.T.'s testimony along with the other evidence established that Pryor committed the offenses. "[T]here can be no relief" in this Court if a witness testifies to facts "which, if true, are sufficient" to support the conviction "[i]f the trier of the facts" bases its decision "upon that testimony." *Smith*, 56 Va. App. at 718-19 (quoting *Swanson v. Commonwealth*, 8 Va. App. 376, 379 (1989)).

Pryor also asserts that it is his "basic position that the abduction charge was not supported by the evidence because any detention was incidental to the rape charge, and therefore, was subsumed within that charge." Pryor did not raise this argument in the trial court.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "The purpose of th[e] contemporaneous objection requirement [in Rule 5A:18] is to allow the trial court a fair opportunity to resolve the issue at trial, thereby preventing unnecessary appeals and retrials." *Creamer v. Commonwealth*, 64 Va. App. 185, 195 (2015). "Specificity and timeliness undergird the contemporaneous-objection rule, animate its highly practical purpose, and allow the rule to resonate with simplicity." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019). "Not just any objection will do. It must be both specific and timely—so that the trial judge would know the particular point being made in time to do something about it." *Id.* (quoting *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011)). If a party fails to timely and specifically object, he waives his argument on appeal. *Arrington v. Commonwealth*, 53 Va. App. 635, 641 (2009).

"Procedural-default principles require that the argument asserted on appeal be the same as the contemporaneous argument at trial." *Bethea*, 297 Va. at 743. "Consequently, neither an appellant nor an appellate court should 'put a different twist on a question that is at odds with the question presented to the trial court.'" *Id.* at 744 (quoting *Commonwealth v. Shifflett*, 257 Va. 34, 44 (1999)). "[M]aking one specific argument on an issue does not preserve a separate legal point on the same issue for [appellate] review." *Hicks v. Commonwealth*, 71 Va. App. 255, 266 (2019) (second alteration in original) (quoting *Johnson v. Commonwealth*, 58 Va. App. 625, 637 (2011)).

Pryor did not argue to the trial court that any detention was merely incidental to the rape. Further, he does not invoke the good cause or ends of justice exceptions to Rule 5A:18 and the Court will not apply the exceptions *sua sponte*. *Edwards v. Commonwealth,* 41 Va. App. 752, 761 (2003) (*en banc*). For these reasons, Pryor failed to preserve this argument for appellate

review and, therefore, we do not address it.[1]  The Commonwealth's evidence was competent,

was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that Pryor

was guilty of rape and abduction.

## Sentence

Pryor contends that the trial court abused its discretion by sentencing him to thirteen

years of active incarceration.  "We review the trial court's sentence for abuse of discretion."

*Scott v. Commonwealth*, 58 Va. App. 35, 46 (2011).  "[W]hen a statute prescribes a maximum

imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be

overturned as being an abuse of discretion."  *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564

(2016) (quoting *Alston v. Commonwealth*, 274 Va. 759, 771-72 (2007)).  "[O]nce it is

determined that a sentence is within the limitations set forth in the statute under which it is

imposed, appellate review is at an end."  *Thomason v. Commonwealth*, 69 Va. App. 89, 99

(2018) (quoting *Minh Duy Du,* 292 Va. at 565).

The discretionary sentencing guidelines "are not binding on the trial judge; rather, the

guidelines are merely a 'tool' to assist the judge in fixing an appropriate punishment."  *Belcher v.

Commonwealth*, 17 Va. App. 44, 45 (1993).  Further, it was within the trial court's purview to

weigh Pryor's mitigating evidence.  *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000).

"Criminal sentencing decisions are among the most difficult judgment calls trial judges face."

*Minh Duy Du*, 292 Va. at 563.  "Because this task is so difficult, it must rest heavily on judges

closest to the facts of the case—those hearing and seeing the witnesses, taking into account their

---

[1] We note, however, that T.T.'s testimony indicated that appellant carried her from the couch into the bedroom despite her demands to be released; he then locked the bedroom door and blocked her from leaving the room before assaulting her on the bed.  While "some degree of detention" has been found to be "inherent" in rape, *Lawlor v. Commonwealth*, 285 Va. 187, 225 n.13 (2013), "[t]he only issue when abduction is charged alongside an offense for which detention is an intrinsic element is whether any detention exceeded the minimum necessary to complete the required elements of the other offense," *id.* at 225.

verbal and nonverbal communication, and placing all of it in the context of the entire case." *Id.* Pryor's sentences were within the ranges set by the legislature. *See* Code §§ 18.2-10, 18.2-47, and 18.2-61.

Finally, to the extent that Pryor argues that his sentence was disproportionate, we note that this Court declines to engage in a proportionality review in cases that do not involve life sentences without the possibility of parole. *Cole v. Commonwealth*, 58 Va. App. 642, 653-54 (2011). We noted in *Cole* that the Supreme Court of the United States "has never found a non-life 'sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment' in violation of the Eighth Amendment." *Id.* (quoting *Hutto v. Davis*, 454 U.S. 370, 372 (1982) (per curiam)). *Cf. Vasquez v. Commonwealth*, 291 Va. 232, 243 (2016) (rejecting Eighth Amendment challenge to 133-year active sentence because the sentence was imposed for "eighteen separate crimes"). Accordingly, we find no abuse of discretion with the trial court's sentencing decision and do not disturb Pryor's convictions or sentences.

## CONCLUSION

For the foregoing reasons, we find that the evidence was sufficient to prove Pryor's guilt of rape beyond a reasonable doubt, that Pryor waived his challenge to the abduction conviction, and that the trial court did not abuse its sentencing discretion with the imposed sentence. Therefore, we affirm the trial court.

*Affirmed.*