COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Decker, Judges Fulton and Ortiz
Argued at Norfolk, Virginia


KEITH ANTONIO RIDDICK

MEMORANDUM OPINION[*] BY
v.      Record No. 1663-22-1      CHIEF JUDGE MARLA GRAFF DECKER
FEBRUARY 27, 2024

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Christopher R. Papile, Judge

Charles E. Haden for appellant.

David A. Mick, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Keith Antonio Riddick appeals his convictions for abduction, assault and battery, and assault

and battery of a family member in violation of Code §§ 18.2-47, -57, and -57.2.  He argues that the

evidence is insufficient to support his convictions because the victim's testimony was not credible.

Because the appellant did not preserve the issue at trial and the ends-of-justice exception to Rule

5A:18 does not apply, we affirm the trial court's judgment.

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

BACKGROUND[1]

On May 26, 2021, the appellant complained to his estranged wife, P.B., that he owed several people money. In response, she gave him $400. She also gave him $100 to rent a car from a "bootleg" rental agency and agreed to buy him a television. The appellant later became agitated when the rental car would not start and again complained that he needed money. The appellant suggested that P.B.'s daughters, ages ten and fifteen, could "hav[e] sex for money," allowing him to profit. At that time, P.B. and her daughters were staying with the appellant at his house in Newport News because she had "felt obligated to go back with him" after he bonded her out of jail.

On May 27, 2021, while the appellant, P.B., and her daughters were walking to a store, he told her to talk to a group of children standing at a bus stop. He said that they could take the children to a nearby duplex, presumably for an illicit purpose. When she refused to do as he asked, he told her that "if you don't want your kids doing it, somebody's kids gonna do it."

The appellant was angry when they returned to his residence, and he began showing signs of paranoia. He accused P.B. of trying to record him and confiscated the electronic devices belonging to her and her daughters. Still angry, he choked P.B. until she could not breathe, leaving scratches on her neck. When she attempted to leave, he told her to "sit" or "lay" her "ass down." She complied, fearing that he would beat her if she disobeyed.

Later, as P.B. sat outside the house in a parked vehicle with the window open, the appellant began pulling her hair through the open car window. He pulled with enough force that he "ripped

---

[1] "In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial." *Meade v. Commonwealth*, 74 Va. App. 796, 802 (2022) (quoting *Gerald v. Commonwealth*, 295 Va. 469 472 (2018)). "Viewing the record through this evidentiary prism requires us to 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn'" from that evidence. *Commonwealth v. Barney*, ___ Va. ___, ___ (Mar. 16, 2023) (quoting *Commonwealth v. Perkins*, 295 Va. 323, 323-24 (2022) (per curiam)).

out" some of her hair. Claiming the clothing P.B. and her daughters wore was a "signal to people that was gay," the appellant ordered P.B. to get rid of their clothing that had any color. He then bleached some of the clothing and threw the rest on a trash pile at the front of the house.

In the early hours of the next day, the appellant awakened P.B. and ordered her to leave the house with him. She obeyed out of fear, leaving her daughters there. He told her that she had to "sell her ass." He stopped the car on a bridge and directed her to throw her cell phone, glasses, and other personal items into the river. He threatened to throw P.B. herself off the bridge if she did not comply.

During that same trip, the appellant drove to a convenience store in Portsmouth and ordered P.B. to tell passersby that he was not gay. Some people gave her money. When someone called the police, they left. He drove them back to Newport News, stopped at another convenience store, and began arguing with P.B. As he started to drive away from the store, P.B. noticed a police officer arriving and jumped from the car. She told the officer that she was "having thoughts of hurting [her]self" and was taken to a local hospital. She initially was uncooperative because she was concerned about her daughters and wanted to leave the hospital, but later she reported to hospital staff and the police what the appellant had done to her. P.B. testified that the appellant called her "several times" from jail, saying she "c[ould] give him his freedom and that the kids was lying on him then, he ain't do nothing to [her]."[2]

---

[2] The employee of the company that recorded all telephone calls made by inmates at the jail testified that the appellant made two calls on June 4, 2021, between 8:00 and 9:00 p.m., but he did not say to whom the calls were made. The two calls were played at trial and admitted into evidence but were not transcribed into the record when played. Both the appellant and the Commonwealth referred in their appellate briefs to the exhibit as being calls the appellant made to P.B. to encourage her not to testify against him. However, it is apparent from listening to the exhibit, as well as from the prosecutor's closing argument to the jury, that the calls were discussions between the appellant and his mother about various crimes he allegedly committed against P.B. and her daughters. Nothing was said about urging P.B. not to testify.

Officer Christopher Smith of the Newport News Police Department testified that he responded to a domestic call on May 29, 2021, and found a large pile of trash and debris on the street in front of the appellant's home. Officer Smith spoke with the appellant and noted that his behavior was "odd." After meeting with the appellant, Smith spoke with P.B. at the hospital. He noticed that she exhibited "a lot of injuries," including "road rash," torn dreadlocks, and bruising on her neck.

At the appellant's trial for abduction, abduction with intent to defile, strangulation, and assault and battery of a family member, he appeared *pro se*. He moved to strike at the end of the Commonwealth's evidence, arguing that the Commonwealth had not proved proper venue and that certain evidence should be excluded because it had not been timely disclosed in discovery. The trial court denied the motion. The appellant then presented evidence on his behalf. The jury found him guilty of abduction, assault and battery, and assault and battery of a family member.[3] The court imposed the sentences recommended by the jury—two years for the abduction conviction and twelve months each for the two convictions for misdemeanor assault and battery.

ANALYSIS

The appellant contends that the evidence was insufficient to support his convictions because P.B.'s testimony was inherently incredible and unworthy of belief. He concedes that he failed to preserve this issue at trial but asks the Court to address the merits of his credibility challenge under the ends-of-justice exception to Rule 5A:18.

We first note that the appellant asserts his sufficiency claim is barred because he neither renewed his motion to strike after presenting his own evidence nor made a motion to set aside the verdict. *See, e.g.*, *Rompalo v. Commonwealth*, 72 Va. App. 147, 154 (2020), *aff'd*, 299 Va. 683

---

[3] The jury acquitted him of the charge of abduction with intent to defile. It also acquitted him of strangulation but found him guilty of the assault and battery as a lesser-included offense.

- 4 -

(2021). Although the trial transcript does not reflect that he renewed his motion to strike, the final judgment order recites that he did so and that the court denied it. The Court assumes therefore that the appellant may raise a sufficiency challenge on appeal because a trial court speaks through its orders. *See Jefferson v. Commonwealth*, 298 Va. 473, 477 (2020); *Cellucci v. Commonwealth*, 77 Va. App. 36, 51 (2023) (en banc). Nevertheless, we hold that the specific claim he makes is barred by Rule 5A:18 because he did not make the same argument at trial.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "The purpose of th[e] contemporaneous objection requirement [in Rule 5A:18] is to allow the trial court a fair opportunity to resolve the issue at trial, thereby preventing unnecessary appeals and retrials." *Creamer v. Commonwealth*, 64 Va. App. 185, 195 (2015). Further, "a specific, contemporaneous objection gives the opposing party the opportunity to meet the objection at that stage of the proceeding." *Fountain v. Commonwealth*, 64 Va. App. 51, 56 (2014) (quoting *Weidman v. Babcock*, 241 Va. 40, 44 (1991)); *see Maxwell v. Commonwealth*, 287 Va. 258, 265 (2014).

"Specificity and timeliness undergird the contemporaneous objection rule, animate its highly practical purpose, and allow the rule to resonate with simplicity." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019). An objection must alert the trial judge to "the particular point being made in time to do something about it." *Id.* (quoting *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011)). If a party fails to timely and specifically object, he waives his argument on appeal. *Arrington v. Commonwealth*, 53 Va. App. 635, 641-42 (2009).

At trial, the appellant moved to strike the evidence on the charge of abduction with intent to defile on the ground that venue in Newport News was improper. Regarding all the charges, he argued the Commonwealth failed to timely disclose exculpatory evidence. In his closing argument to the jury, he challenged the victim's credibility, stating that she had "create[d] her own stories" about the circumstances of the offenses and there were "no pictures" and "no facts" to prove he committed the crimes. But argument made only to the jury does not preserve an issue for appeal. *See Rompalo*, 72 Va. App. at 156 n.3 (stating that the defendant had not preserved her sufficiency argument for appeal because "her opening statement and closing arguments were made to the jury, not the trial court"); *see also Campbell v. Commonwealth*, 12 Va. App. 476, 481 (1991) (en banc) (holding that in a jury trial, "[o]nly a motion to strike the evidence" "require[s] the trial judge to rule on the evidence as a matter of law").

"'The ends of justice exception is narrow and is to be used sparingly,' and applies only in the extraordinary situation where a miscarriage of justice has occurred." *Holt v. Commonwealth*, 66 Va. App. 199, 209 (2016) (en banc) (quoting *Redman v. Commonwealth*, 25 Va. App. 215, 220 (1997)). In determining whether to apply the exception, this Court considers whether the alleged error occurred and whether a "grave injustice" would result if the exception were not applied. *Commonwealth v. Bass*, 292 Va. 19, 27 (2016) (quoting *Gheorghiu v. Commonwealth*, 280 Va. 678, 689 (2010)). To invoke the exception, "the appellant must demonstrate that he or she was convicted for conduct that was not a criminal offense or the record must affirmatively prove that an element of the offense did not occur." *Holt*, 66 Va. App. at 209 (quoting *Redman*, 25 Va. App. at 221-22). "The burden of establishing a manifest injustice is a heavy one, and it rests with the appellant." *Id.* at 210 (quoting *Brittle v. Commonwealth*, 54 Va. App. 505, 514 (2009)).

As is the case here, "when an appellant raises a sufficiency of the evidence argument for the first time on appeal, the standard is higher than whether the evidence was insufficient." *Brittle*, 54 Va. App. at 514. There must be "some reason beyond mere insufficiency" to apply the ends of justice exception. *Id.* An appellant "must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred." *Redman*, 25 Va. App. at 221. "Therefore, 'in examining a case for miscarriage of justice, we do not simply review the sufficiency of the evidence under the usual standard, but instead determine whether the record contains affirmative evidence of innocence or lack of a criminal offense.'" *Holt*, 66 Va. App. at 210 (quoting *Flanagan v. Commonwealth*, 58 Va. App. 681, 695 (2011)). "Where the record does not affirmatively establish [such] error, we cannot invoke the ends of justice exception to Rule 5A:18." *Smith v. Commonwealth*, 59 Va. App. 710, 724 (2012).

The crux of the appellant's argument is that P.B.'s testimony was inherently incredible. "To be 'incredible,' testimony 'must be either so manifestly false that reasonable men ought not to believe it, or it must be shown to be false by objects or things as to the existence and meaning of which reasonable men should not differ.'" *Lambert v. Commonwealth*, 70 Va. App. 740, 759 (2019) (quoting *Juniper v. Commonwealth*, 271 Va. 362, 415 (2006)). "A legal determination that a witness is inherently incredible is very different from the mere identification of inconsistencies in a witness'[s] testimony or statements. Testimony may be contradictory or contain inconsistencies without rising to the level of being inherently incredible as a matter of law." *Kelley v. Commonwealth*, 69 Va. App. 617, 626 (2019).

As the fact finder in this case, the jury was responsible for "resolv[ing] conflicts in the testimony," "weigh[ing] the evidence," and "draw[ing] reasonable inferences from basic facts to ultimate facts." *Raspberry v. Commonwealth*, 71 Va. App. 19, 29 (2019) (quoting *Burrous v. Commonwealth*, 68 Va. App. 275, 279 (2017)). "[D]etermining the credibility of the witnesses

and the weight afforded the testimony of those witnesses are [also] matters left to the trier of fact, who has the ability to hear and see them as they testify." *Id.* (quoting *Miller v. Commonwealth*, 64 Va. App. 527, 536 (2015)). The fact finder "is free to believe or disbelieve, in whole or in part, the testimony of any witness." *Rams v. Commonwealth*, 70 Va. App. 12, 38 (2019). Its conclusions regarding witness credibility "will not be disturbed on appeal unless plainly wrong." *Smith v. Commonwealth*, 56 Va. App. 711, 718 (2010).

The appellant was convicted of abducting and twice assaulting his estranged wife on May 27, 2021. Abduction under Code § 18.2-47 requires proof that a person "by force, intimidation or deception, and without legal justification or excuse, . . . detains . . . another person with intent to deprive such person of his personal liberty." An assault under Code § 18.2-57 occurs when a person is placed in "reasonable apprehension of bodily harm.[4] *Kelley*, 69 Va. App. at 625. A battery is "a 'wil[l]ful or unlawful touching' of another." *Id.* (quoting *Parish v. Commonwealth*, 56 Va. App. 324, 330 (2010)).

P.B. testified that on May 27, 2021, the appellant choked her, prevented her from leaving his house, and "ripped out" some of her hair. Her testimony was corroborated by Newport News Police Officer Christopher Smith, who investigated the offenses. He testified that on May 29, 2021, he had observed "road rash" on her face, bruises on her neck, and missing pieces of hair when he talked to her.

The jury accepted P.B.'s testimony as credible. Its conclusion may not be disturbed on appeal because her testimony was not, as a matter of law, "inherently incredible, or so contrary to human experience as to render it unworthy of belief." *Johnson v. Commonwealth*, 58 Va. App. 303, 315 (2011) (quoting *Robertson v. Commonwealth*, 12 Va. App. 854, 858 (1991)). Nor was

---

[4] Code § 18.2-57.2 also requires that the assault and battery be committed against a family or household member. That element is not contested in this case.

her testimony proven false by other evidence presented at trial. *See Juniper*, 271 Va. at 415.

Accordingly, P.B.'s testimony was sufficient to prove that the appellant committed the offenses.

*See Fisher v. Commonwealth*, 228 Va. 296, 299 (1984) (holding that "the victim's testimony, if credible and accepted by the finder of fact, is sufficient evidence, standing alone, to support [a] conviction").

The ends of justice exception does not apply here because nothing in the record demonstrates that any element of the offenses did not occur or that the appellant was convicted of conduct that was not a criminal offense. The appellant's sufficiency challenge is therefore barred by Rule 5A:18. *See Salahuddin v. Commonwealth*, 67 Va. App. 190, 210-11 (2017).

CONCLUSION

The appellant failed to demonstrate that the ends of justice exception to Rule 5A:18 applies to the issue raised for the first time on appeal. Accordingly, we affirm the trial court's judgment.

*Affirmed.*