COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Athey, Friedman and Raphael

ANTHONY ESANDER VASQUEZ

v.        Record No. 1878-22-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
FEBRUARY 27, 2024

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Lynn S. Brice, Judge

(Todd M. Ritter; Hill & Rainey, on brief), for appellant.  Appellant
submitting on brief.

(Jason S. Miyares, Attorney General; Elizabeth Kiernan Fitzgerald,
Assistant Attorney General, on brief), for appellee.


Arguing that the Commonwealth failed to prove that he was the driver who eluded police,

Anthony Esander Vasquez appeals his convictions on three counts of felony eluding and five

counts of reckless driving.  After examining the briefs and the record, the panel unanimously

holds that oral argument is unnecessary because "the appeal is wholly without merit."  Code

§ 17.1-403(ii)(a); Rule 5A:27(a).  We affirm Vasquez's convictions.

BACKGROUND[1]

The convictions at issue here arise from incidents on June 17 and June 21, 2021, in which

the driver of a white Nissan Maxima repeatedly eluded police.  Vasquez's identity as the driver

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] On appeal, we recite the facts "in the 'light most favorable' to the Commonwealth, the
prevailing party in the trial court."  *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022)
(quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)).  Doing so requires that we "discard
the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the
credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom."
*Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

was ultimately established after he was detained in a traffic stop on June 21 and admitted to having eluded police earlier that day and earlier in the week. He also admitted to having a GoPro camera in his trunk, and the video from that camera corroborated his flight from police on June 17.

*The June 17 incident*

On the afternoon of June 17, 2021, Chesterfield Police Officer Donivan observed a white Nissan Maxima traveling at a high rate of speed, weaving through traffic, and passing other cars on the shoulder of Chippenham Parkway. Donivan activated his emergency equipment and attempted to stop the Maxima. Donivan pushed his unmarked Ford F150 to speeds of up to 105 miles per hour, but he was "unable to keep up" with the Maxima, which kept "gaining distance." At one point the Maxima slowed down until Donivan caught up, but the Maxima then sped away. The driver continued to weave through traffic, nearly causing another vehicle to flip over. Several other times, the Maxima slowed down until Donivan caught up, only to speed away again.

Donivan terminated the pursuit when the Maxima crossed into the City of Richmond. When Donivan turned off his emergency lights, however, the Maxima made a U-turn and raced back into Chesterfield County toward him. Donivan reactivated his emergency equipment and chased after it again. The Maxima eventually exited the highway, ran a red light, and sped into a residential neighborhood. Fearing for the "safety of all involved," Donivan gave up the chase.

*The June 21 incidents*

Shortly after midnight on June 21, Chesterfield County Police Sergeant Murphy observed a white Maxima stopped at a red light. After looking at Murphy, the driver of the Maxima made a U-turn through the red light and sped off. Murphy followed and observed the Maxima as it drove through a RaceWay parking lot and sped away at more than 100 miles per hour.

Two hours later, Virginia State Trooper Bloom came across a white Maxima while on patrol in Chesterfield County. Aware of the earlier incidents, Bloom ran the vehicle's tags and discovered that the license plates on the Maxima had been reported as stolen. Bloom activated his emergency equipment and attempted to stop the Maxima. The vehicle pulled into a parking lot but sped off when Bloom pulled up behind it. As Bloom pursued the Maxima, the driver turned the car's headlights off and "went completely dark." The Maxima "bottomed out" on the road, and Bloom saw sparks flying from the bottom of its frame. Despite driving at speeds up to 86 miles per hour on residential roads, Bloom lost sight of the Maxima and stopped his pursuit.

Chesterfield County Police Officer Willis received an alert from the Virginia State Police about Bloom's pursuit of the Maxima and the car's license plate number. Soon after, Willis located the Maxima, activated his emergency equipment, and attempted to initiate a traffic stop. The Maxima ran a red light and continued toward Richmond with Willis in pursuit. The Maxima drove at more than 80 miles per hour down "side streets" in a residential area, disregarded traffic signals, and "completely dusted" Willis, who lost sight of the Maxima after about three miles.

Later that evening, Chesterfield County Police Officer Hagen observed a white Maxima with license plates that matched the description from the earlier incidents. Hagen conducted a traffic stop and detained Vasquez, the vehicle's driver.

Sergeant Murphy responded to the scene and spoke with Vasquez, who admitted to driving the Maxima during the earlier pursuits that day, including in the RaceWay parking lot. Vasquez said that he fled because he was scared and did not want to go to jail. Vasquez admitted that he and his mother were the only ones who drove the Maxima. But he said that she had been incarcerated since June 6. Vasquez mentioned that the Maxima was equipped with a GoPro camera located in the trunk.

Officer Willis also spoke with Vasquez after he was arrested. Vasquez admitted that what he did was wrong and apologized for putting himself and others in danger.

Officer Blackwell and Officer Wagner of the Chesterfield County Police also interviewed Vasquez. Vasquez again admitted that he had fled from officers both that day and earlier in the week. In his recorded interview, Vasquez said that he panicked "the first time" and fled because he knew that he "was in a faster car." He said that this first pursuit was "a couple of days" before the second one. Vasquez also described his flight from a state trooper in detail and acknowledged that the Chesterfield police had pursued him.

*The proceedings below*

Before proceeding to trial, Vasquez pleaded no contest to several misdemeanors and traffic infractions stemming from the events of June 21, including driving with a suspended license, displaying altered or forged license plates, and having license plates that he was not entitled to possess. He also pleaded no contest to petit larceny of the tags displayed on his Maxima. The trial court conducted a plea colloquy and heard a summary of the evidence supporting those charges. The Commonwealth's summary included Vasquez's admission that he stole the license plates displayed on his Maxima "to keep law enforcement from knowing who he was." The trial court accepted the pleas and found Vasquez guilty of those charges.

Vasquez pleaded not guilty to the felony-eluding and reckless driving charges. At the bench trial that followed, the Commonwealth introduced the evidence described above, including the video from Vasquez's GoPro camera showing Donivan's June 17 pursuit. The Commonwealth also introduced the body-worn camera footage of Vasquez's jail interview. Vasquez moved to strike the evidence, arguing that the Commonwealth failed to prove that he was the person who eluded police. The trial court denied his motion to strike, and Vasquez

- 4 -

rested without presenting evidence.  The trial court denied his renewed motion to strike and found Vasquez guilty of all charges.

The trial court sentenced Vasquez on all charges to 15 years and 84 months of incarceration with all but 3 years and 24 months suspended.  The sentence included 5 years' incarceration in prison with 4 years suspended on each of the three felony-eluding charges and 12 months' incarceration in the Chesterfield County jail with 9 months suspended on each of the 5 reckless-driving charges.  Vasquez noted a timely appeal.

ANALYSIS

Vasquez challenges his three felony-eluding and five reckless-driving convictions, arguing that the Commonwealth failed to prove that he was the driver during the June 17 and June 21 incidents.[2]  Vasquez notes that Officer Donivan could not identify him as the driver of the Maxima during the June 17 pursuit, and neither Trooper Bloom nor Officer Willis identified him as the driver during the June 21 pursuits.  Vasquez discounts his confessions to police, arguing that they lacked "specific reference points to assess what [he] was admitting."

We find these arguments unpersuasive because they ignore the mountain of evidence against Vasquez and the daunting standard of review he faces on appeal.  "When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'"  *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)).  "The relevant issue on appeal is, 'upon review of the evidence in the light most favorable to the prosecution, whether any rational trier of fact could

---

[2] At trial, Vasquez conceded the sufficiency of the evidence with respect to the June 21 charges involving his flight from Sergeant Murphy.  Accordingly, we do not address the sufficiency of those convictions. *See Rowe v. Commonwealth*, 277 Va. 495, 502 (2009) ("A party may not approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory.").

have found the essential elements of the crime beyond a reasonable doubt.'" *Lambert v. Commonwealth*, 298 Va. 510, 515 (2020) (quoting *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

"At trial, the Commonwealth bears the burden of proving the identity of the accused as the perpetrator beyond a reasonable doubt." *Cuffee v. Commonwealth*, 61 Va. App. 353, 364 (2013) (quoting *Blevins v. Commonwealth*, 40 Va. App. 412, 423 (2003)). On appeal, we review the trier of fact's determination regarding the identity of the criminal actor in the context of "the totality of the circumstances." *Brown v. Commonwealth*, 37 Va. App. 507, 523 (2002) (quoting *Satcher v. Commonwealth*, 244 Va. 220, 249 (1992)). "It is firmly established that '[c]ircumstantial evidence is competent and is entitled to as much weight as direct evidence provided that the circumstantial evidence is sufficiently convincing to exclude every reasonable hypothesis except that of guilt.'" *Kelley v. Commonwealth*, 69 Va. App. 617, 629 (2019) (alteration in original) (quoting *Pijor*, 294 Va. at 512).

The record here was more than sufficient to establish that Vasquez was the person who eluded police and drove recklessly on June 17 and June 21. Officer Hagen apprehended Vasquez on June 21 in a vehicle matching the description of the Maxima involved in the earlier high-speed pursuits that day and displaying the same license plates observed by Trooper Bloom and Officer Willis. The GoPro camera footage confirmed that Vasquez's Maxima was the vehicle pursued by Officer Donivan on June 17. And Vasquez admitted to Officer Willis, Sergeant Murphy, and Officer Blackwell that he was the driver. He said that his mother was the only other person who drove the car, but she had been incarcerated since June 6. Finally, during

his trial, Vasquez conceded that the evidence sufficed to establish his identity as the person who eluded Sergeant Murphy. *See supra* note 2. Sergeant Murphy also described in detail Vasquez's dangerous driving on June 21 and Vasquez's admission to having previously eluded police.

CONCLUSION

In sum, the evidence was more than sufficient for the trial court to find beyond a reasonable doubt that Vasquez was behind the wheel of the Maxima when he drove recklessly and eluded police during the June 17 and June 21 incidents.

*Affirmed.*