COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Malveaux, Chaney and White
Argued by videoconference


JOHN WALTER BROWN, II, A/K/A
  SHEEK BROWN

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0574-24-3              JUDGE MARY BENNETT MALVEAUX
                                                    JULY 15, 2025
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
Anne F. Reed, Judge

Dana R. Cormier (Dana R. Cormier, P.L.C., on brief), for appellant.

Angelique Rogers, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


The trial court convicted John Walter Brown, II ("appellant") of breaking and entering, in

violation of Code § 18.2-91, and grand larceny, in violation of Code § 18.2-95.  On appeal,

appellant argues that the evidence was insufficient to support his convictions.  For the following

reasons, we affirm.

## BACKGROUND

"Consistent with the standard of review when a criminal appellant challenges the

sufficiency of the evidence, we recite the evidence below 'in the "light most favorable" to the

Commonwealth, the prevailing party in the trial court.'"  *Hammer v. Commonwealth*, 74

Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)).  This

standard "requires us to 'discard the evidence of the accused in conflict with that of the

Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

all fair inferences to be drawn therefrom.'" *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

On August 3 or 4, 2022, appellant was fired from his job at Bobcat Equipment after seven years of employment. On September 6 or 8, 2022, he went to Bobcat to retrieve his personal belongings; it was the last time appellant was allowed on the property.

On Friday, September 16, 2022, Cindy Bell, the general manager at Bobcat, conducted a routine walkthrough of her office and the shop to ensure it was clean before she closed the store. Bell ensured the shop was cleaned at least twice a week and personally cleaned her office every Friday. She left the business at around 5:00 p.m., making sure that the entire facility was locked and clean and the trash was removed.

The following Monday, September 19, 2022, Bell arrived to work around 6:30 a.m. and discovered that the office was "demolished." Bell's office door was "beat in," and the "computer system was ripped off the walls and put in a tub of water." The cashbox had been taken from Bell's office; it was found empty of cash and discarded in the trash can outside. Tools with a collective value of more than $7,000 had been stolen from the shop.

After arriving at Bobcat, Investigator Chandler of the Augusta County Sheriff's Office noticed that someone attempted to break into the shop's drink machine using a "grinder." He also found two cigarette butts and an open can of Mountain Dew near a workbench in the shop. Bell confirmed the items were not there when she left on Friday. Chandler collected DNA from the can of Mountain Dew and the cigarette butts.

Bell and Chandler reviewed the surveillance camera footage from outside Bobcat. The footage showed a red pickup truck traveling down the road adjacent to Bobcat. The truck stopped and someone wearing a hoodie exited the passenger side door of the truck and, according to Bell, appeared to be "dodging the cameras because they knew where they were."

Bell told Chandler that she suspected appellant and Jacob Smith as potential perpetrators of the offenses. She advised that the pickup truck seen in the surveillance footage belonged to Smith, a former employee who had been fired a few years before. Bell also informed the investigator that appellant had recently been fired and that he lived with Smith.

Chandler went to appellant's listed address and saw a red pickup truck in the driveway. He knocked on the door but got no response.

Two months later, another police officer conducted a traffic stop of Smith's red pickup truck; appellant was the passenger at the time. Chandler went to the traffic stop and confirmed the truck was the same one he saw in appellant's driveway and resembled the truck in the surveillance footage. Chandler spoke with appellant, who stated that he "didn't do anything" and "just wouldn't do that to them."

Chandler collected a DNA sample from appellant and sent the items he swabbed for forensic testing. Laboratory analysis showed that appellant's DNA was located on the soda can and cigarette butts found at the crime scene.

The trial court found appellant guilty of breaking and entering and grand larceny, commenting that Bell's testimony was credible and that the nature of the damage suggested that "the individual involved in [the] break-in had an ax to grind with [Bobcat]." This appeal followed.

ANALYSIS

"When an appellate court reviews the sufficiency of the evidence underlying a criminal conviction, its role is a limited one." *Commonwealth v. Garrick*, 303 Va. 176, 182 (2024). "The judgment of the trial court is presumed correct and will not be disturbed unless it is 'plainly wrong or without evidence to support it.'" *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017) (quoting Code § 8.01-680). "Thus, 'it is not for this [C]ourt to say that the evidence does or does

not establish [the defendant's] guilt beyond a reasonable doubt because as an original proposition it might have reached a different conclusion.'" *Commonwealth v. Barney*, 302 Va. 84, 97 (2023) (alterations in original) (quoting *Cobb v. Commonwealth*, 152 Va. 941, 953 (1929)).

The only relevant question for this Court on review "is, after reviewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Sullivan v. Commonwealth*, 280 Va. 672, 676 (2010)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

Appellant contends that the DNA evidence on its own does not establish beyond a reasonable doubt that he was on the premises "at the time of the break-in" and that the "totality of the other circumstances" also did not connect him to the offenses. He asserts that he had regular access to Bobcat prior to August 2022, and that it was "certainly reasonable to infer" that Bell "simply did not see" the cigarette butts or soda can when she conducted her walkthrough.

A "defendant's fingerprint found at the scene of the crime may be sufficient under the circumstances to show defendant was there at *some time*." *Turner v. Commonwealth*, 218 Va. 141, 146 (1977). "[I]n order to show defendant was the criminal agent, such evidence must be coupled with evidence of other circumstances tending to reasonably exclude the hypothesis that the print was impressed at a time other than that of the crime." *Id.*

> Such "other circumstances" . . . "need not be circumstances completely independent of the fingerprint, and may properly include circumstances such as the location of the print, the character of the place or premises where it was found and the accessibility of the general public to the object on which the print was impressed."

*Id.* at 146-47 (quoting *Avent v. Commonwealth*, 209 Va. 474, 479 (1968)). "Those attendant circumstances may demonstrate the accused was at the scene of the crime when it was committed." *Id.* at 147. "And if such circumstances do so demonstrate, a rational inference arises that the accused was the criminal agent." *Id.*

Applying these principles to the facts of this case, which involve DNA as the identifying evidence rather than fingerprints, we conclude that the evidence supported the trial court's finding that appellant was the criminal agent. *See Burrous v. Commonwealth*, 68 Va. App. 275, 282-83 (2017) (considering DNA evidence in the same manner as fingerprint evidence under the standard set forth in *Turner*). Appellant was fired from Bobcat in August 2022 and was last allowed on the property on September 6 or 8, 2022, almost two weeks before the break-in. Bell cleaned and locked the shop on the evening of September 16, 2022, ensuring all trash was removed. The items bearing appellant's DNA—the soda can and cigarette butts—were not present when Bell closed the business that day. Yet, the items were inside the business, where appellant was not authorized to be, when the police investigated the burglary. Bell's testimony, found credible by the trial court, provided "evidence of other circumstances tending to reasonably exclude the hypothesis that the print was impressed at a time other than that of the crime." *Turner*, 218 Va. at 146.

In addition, the surveillance footage showed two people in a red pickup truck outside Bobcat; the passenger exited the truck and was "dodging the cameras because they knew where they were." Appellant worked at Bobcat for seven years, and a fact finder could reasonably infer that he was aware of the location of the security cameras.

Further, appellant and Smith were both fired from Bobcat. While motive is not an element of the crimes, it is "a circumstance tending to prove the guilt of the alleged perpetrator, as its absence may tend to show his innocence" and is "relevant and probative on the issue of

identity of the criminal agent." *Cantrell v. Commonwealth*, 229 Va. 387, 397 (1985). Here, as the trial court noted, circumstances suggested that "the individual involved in [the] break-in had an ax to grind."

"It is firmly established that '[c]ircumstantial evidence is competent and is entitled to as much weight as direct evidence provided that the circumstantial evidence is sufficiently convincing to exclude every reasonable hypothesis except that of guilt.'" *Kelley v. Commonwealth*, 69 Va. App. 617, 629 (2019) (alteration in original) (quoting *Pijor*, 294 Va. at 512). "Circumstantial evidence is not 'viewed in isolation' because the 'combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable [fact finder]' to conclude beyond a reasonable doubt that a defendant is guilty." *Rams v. Commonwealth*, 70 Va. App. 12, 27 (2019) (alteration in original) (quoting *Muhammad v. Commonwealth*, 269 Va. 451, 479 (2005)). Viewing the evidence in the light most favorable to the Commonwealth, the DNA evidence and the accompanying facts and circumstances were sufficient to support the trial court's finding that appellant committed breaking and entering and grand larceny.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

*Affirmed.*